**J. EGAN & CO., INC., Bloom and Co., Inc., and Ralph L. Jeter**

v.

**PHILADELPHIA STOCK EXCHANGE.**

Civ. A. No. 89–0162.

United States District Court,
E.D. Pennsylvania, C.D.

March 7, 1989.

Lawrence J. Tabas, Daniel J. Dugan, and J. Baur Whittlesey, Philadelphia, Pa., for plaintiffs.

Christine C. Levin, Joseph A. Tate, and Diane S. Donaldson, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

DUBOIS, District Judge.

Presently before the Court is the Motion of the defendant, Philadelphia Stock Exchange, to dismiss the plaintiffs' Complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. The Philadelphia Stock Exchange ("PHLX") contends that this Court lacks jurisdiction because the plaintiffs, J. Egan & Co., Inc. ("Egan"), Bloom and Co., Inc. ("Bloom") and Ralph L. Jeter, failed to exhaust their administrative remedies. Because I find that the plaintiffs failed to exhaust their administrative remedies, and that their claims are not within the two exceptions to that requirement adopted in this Circuit, the defendant's Motion will be granted and the Complaint will be dismissed.

Plaintiffs are members of the PHLX, a national securities exchange. In 1986, Egan and Bloom began to conduct a joint account specialist operation on the equity floor of the exchange. Jeter was a nominee of Bloom. Dennis M. McDonough was employed and appointed as a specialist and floor broker for the joint operation.

In 1986 and 1987, McDonough allegedly made improper and unauthorized trades for the account of Connecticut Nutmeg Securities. Defendant alleges that under Philadelphia Stock Exchange Rule 960.1(b), the plaintiffs are responsible for the acts of their employees and were required to supervise McDonough's trading. Disciplinary enforcement actions for plaintiffs' alleged failure to supervise were initiated on January 25, 1988.[1]

In their answer to the Statements of Charges, the plaintiffs demanded and were granted the right to a full evidentiary hearing under Philadelphia Stock Exchange Rule 960.5(a). Under that rule, an evidentiary hearing is held before a hearing panel appointed by the Chairman of the Business Conduct Committee. The hearing in this case has not yet been held, and the instant action seeks to enjoin PHLX from proceeding with the hearing.

---

1. An enforcement action against McDonough was disposed of summarily when he failed to cooperate with the investigation. PHLX fined McDonough $25,000.00.

Both parties agree that, absent exceptional circumstances, the plaintiffs are required to exhaust their administrative remedies before coming to this Court. That is the general rule of *First Jersey Securities, Inc. v. Bergen*, 605 F.2d 690 (3d Cir.1979), which held that a federal district court did not have subject matter jurisdiction to hear a case which sought to enjoin a disciplinary hearing being conducted by the National Association of Securities Dealers, Inc.

■ *First Jersey Securities* permits two exceptions to the general requirement that administrative remedies be exhausted when "extraordinary circumstances" exist. The exhaustion requirement is not required "1) when the administrative procedure is clearly shown to be inadequate to prevent irreparable injury; or 2) when there is a clear and unambiguous statutory or constitutional violation." *Id.*, 605 F.2d at 696. " 'Only rarely, however, will "preliminary [or] procedural ... agency action" threaten so irreparable an injury as to justify interlocutory resort to corrective judicial process....' " *Id.*, quoting *Bristol–Myers Co. v. FTC*, 469 F.2d 1116, 1118 (2d Cir.1972).

■ Plaintiffs claim that exhaustion of administrative remedies is not required in this case because the defendants have failed to abide by an agreement to provide discovery. Although plaintiffs acknowledge that discovery is not normally required in a disciplinary hearing, they allege that an agreement was made whereby plaintiffs agreed to submit to depositions and to provide requested documentation, which was done, and that PHLX agreed to similarly provide discovery, but then refused to do so. Amplifying their argument, plaintiffs charge that defendants' failure to provide discovery after agreeing to do so amounts to fraud and infringes plaintiffs' due process rights, and that plaintiffs will suffer irreparable harm if they are required to proceed with the hearing before PHLX without any discovery.

The alleged failure of PHLX to abide by a discovery agreement, regardless of how it is described, does not excuse the plaintiffs from the exhaustion of administrative remedies requirement. The allegation of fraud in this case is similar to the allegation of bias in *First Jersey Securities*. In that case, the plaintiffs alleged that the structure of the NASD prevented it from conducting a fair hearing before an impartial tribunal, and that the Vice–President of the NASD had personal animosity towards the plaintiff. The Third Circuit, in rejecting that argument, held that:

> [t]he principles underlying the exhaustion doctrine are particularly apt when applied to a claim of bias. First, an allegation of bias is usually controverted; resolution of the dispute requires extensive discovery and evidentiary hearings before the district court. This results in substantial interference with the administrative process, which often, as in this case, cannot continue during the pendency of the suit. Furthermore, where the facts are in dispute, it is difficult for the plaintiff to assert a clear and unambiguous constitutional violation.

*First Jersey Securities*, 605 F.2d at 700 (citations omitted).

The identical concerns which the Third Circuit discussed in *First Jersey Securities* are present with respect to the alleged fraud involved in this case. The discovery agreement, and its breach, and whether or not that amounted to fraud, would require extensive discovery and evidentiary hearings in this Court, all of which would result in substantial interference with the administrative process. To justify the circumvention of administrative remedies in this case plaintiffs would have "to assert a clear and unambiguous constitutional violation," and they have failed to do so.

The plaintiffs here also have not alleged facts that would support a finding that the PHLX hearing is clearly inadequate to prevent irreparable injury. The plaintiffs may present their case in the administrative hearing. Any misconduct on the part of PHLX may be presented at that hearing, affording PHLX the opportunity to correct or prevent any error. *See Id.* ("[I]f exhaustion is required, the agency will often have the opportunity to correct or prevent an error ...."). The plaintiffs will also have

the opportunity to appeal any decision of PHLX to the SEC, and ultimately, to the Court of Appeals for the Third Circuit. There is ample opportunity in the administrative scheme for the plaintiffs to present their case and to argue any breach of a discovery agreement and any resulting fraud which could prejudice them and result in an unfair hearing.

Because the plaintiffs have failed to allege exceptional circumstances which would excuse the requirement that they exhaust their administrative remedies, this Court is without subject matter jurisdiction, and the Complaint will be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

An appropriate Order follows.

### ORDER

AND NOW, to wit, this 7th day of March, 1989, upon consideration of the Motion of the defendant, Philadelphia Stock Exchange, to dismiss the plaintiffs' Complaint under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, and the plaintiffs' response thereto, and good cause appearing, the Court finds that the plaintiffs are required to exhaust their administrative remedies before this Court may assert subject matter jurisdiction and that such administrative remedies have not been exhausted, and therefore, IT IS ORDERED that the Complaint of the plaintiffs, J. Egan & Co., Inc., Bloom and Co., Inc. and Ralph L. Jeter is DISMISSED without prejudice to the plaintiffs' right to refile after they have exhausted their administrative remedies.